In the United States District Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| LISA JONES, et al., | |
| Plaintiffs, | 07 C 7139 |
| v. | Judge Gottschall |
| FIRST STUDENT, INCORPORATED, | Magistrate Judge Valdez |
| Defendant. | |

# Answer

Defendant First Student, Inc. answers the complaint of plaintiffs Lisa Jones, Terry Beasley, Sr., Christina Brooks, Michael D. Bryant, Dominique Davis, Steven Forthenberry, Robert M. Hoskins, and Dora Red:

### Count I – Title VII and §1981– Race Discrimination
### [This Count Is for All Plaintiffs, Except Ms. Brooks and Mr. Hoskins]

1. This is an action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§2000e et seq., as amended, and 42 U.S.C. § 1981, to redress and enjoin unlawful to redress and enjoin unlawful employment practices by Defendant.

**Answer:** First Student admits that the action is brought pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, denies that the action seeks injunctive relief, and denies that it engaged in any unlawful employment practices.

### The Parties

1. Each of the Plaintiffs reside in Danville, Illinois; and all Plaintiff are or had been employed by Defendant.

**Answer:** First Student admits the allegations in the preceding ¶ 1, but answers on the basis of information and belief as to where each plaintiff resides.

2. Defendant, is a national company providing transportation to grade school and high school students; and at all times relevant herein had a

substantial physical and corporate presence within this Judicial District, in Cook and Lake County, Illinois.

**Answer:** First Student admits the allegations in the preceding ¶ 2.

## Jurisdiction and Venue

4.   This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343(a) and 1343(a) (4).

**Answer:** First Student admits the allegations in the preceding ¶ 4.

5.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

**Answer:** First Student admits the allegations in the preceding ¶ 5.

6.   Plaintiffs has (*sic*) fulfilled all administrative prerequisites for the bringing of this lawsuit, including receiving Right to Sue letters from the Equal Employment Opportunity Commission.

**Answer:** First Student admits the allegations in the preceding ¶ 6.

## Facts

7.   Plaintiffs are all African-American, except for Mr. Hoskins, who is Caucasian.

**Answer:** First Student admits the allegations in the preceding ¶ 7.

8.   In November 2005 Ms. Dianna Chord, a Caucasian bus driver for Defendant, sent an email to more than ten people, including Defendant's manager, Mr. Terry Kegley, which included a picture with the caption "What's up my nigga's?" Mr. Kegley received this email on Defendant's computer. All of the Plaintiffs have seen this email.

**Answer:** First Student denies that Kegley received the email on First Student's computer, but states that the email was received in his First Student email account, where he first saw it after one or more plaintiffs brought it to his attention.  It further states that neither the above email nor

2

the other emails alleged in the Complaint were sent from First Student's email system. First Student lacks sufficient information to admit or deny whether all of the plaintiffs have seen the referenced email, but admits the remaining allegations in the preceding ¶ 8.

> 9. In November 2005 Ms. Chord sent a email to more than ten people, including Defendant's manager, Mr. Kegley, which included a picture of African-Americans as medical providers in a hospital with a bleeding Caucasian man on a stretcher, who was dressed in Ku Klux Klan clothing and a cone shaped hat, with the caption " I could be wrong, but judging by his hat, this guy just ain't gonna make it!" Mr. Kegley received this email on Defendant's computer. All of the Plaintiffs have seen this email.

**Answer:** First Student denies that Kegley received the email on First Student's computer, but states that the email was received in his First Student email account, where he first saw it after one or more plaintiffs brought it to his attention. First Student lacks sufficient information to admit or deny whether all of the plaintiffs have seen the referenced email, but admits the remaining allegations in the preceding ¶ 9 and states that it promptly took adequate steps to prevent any recurrence of the conduct by Chord.

> 10. In June 2006 Ms. Kathleen Faber, a Caucasian bus driver for Defendant, sent an email to more than ten people, including Robert Hoskins, one of the Plaintiffs, which contained the following language:
>
>> Well, it appears that our African-American friends have found something else to be pissed off about. A black congresswoman (this would be Sally Sawtooth of Mobile, Alabama) reportedly complained that the names of hurricanes are all Caucasian-sounding names. She would prefer some names that reflect African-American culture such as Chamiqua, LaShonte, Woeisha, and Jamal. I can hear it now: A black weatherman in Mobile saying...'Wordup, Muthafu...'
>
> All of the Plaintiffs have seen this email.

**Answer:** First Student admits that Faber is Caucasian, was a bus driver for it in June 2006, but

3

lacks sufficient information to admit or deny the remaining allegations in the preceding ¶ 10.

      11.     In May 2007 Ms. Faber sent another email which was almost identical to the one Described (*sic*) in paragraph ten, to Plaintiff, Ms. Jones. All of the Plaintiffs have seen this email.

**Answer:**  First Student lacks sufficient information to admit or deny the allegations in the preceding ¶ 11.

      12.     In January 2007 Ms. Chord and Ms. Sheryl Witsman, another Caucasian bus driver for Defendant, repeated what Ms. Jones had said on the "cb" radio; Ms. Jones, Ms. Davis, and Mr. Forthenberry, each heard Ms. Chord and Ms. Witsman, and each believed that Ms. Chord and Ms. Witsman were trying to sound like they were black women.

**Answer:**  First Student denies the allegations in the preceding ¶ 12.

      13.     On or about February 26, 2007, six of the Plaintiffs, all except Ms. Brooks and Mr. Hoskins, heard at least one of the following three Caucasian employees of Defendant, Mr. Wayne Cunningham, Ms. Witsman, and Ms. Chord say after Ms. Brooks had been terminated, "One nigger down, more to go."

**Answer:**  First Student lacks sufficient information to admit or deny the allegations in the preceding ¶ 13.

      14.     On or about February 26, 2007, six of the Plaintiffs, all except Ms. Brooks and Mr. Hoskins, saw at least one of the following three Caucasian employees of Defendant, Mr. Cunningham, Ms. Witsman, and Ms. Chord make the following symbolic motions with their fingers and hand: one finger held up and then a hand stroked across the throat. These Plaintiffs each believe these motions indicated "One nigger down, more to go."

**Answer:**  First Student lacks sufficient information to admit or deny the allegations in the preceding ¶ 14.

      15.     On or about February 26, 2007, within minutes of observing the conduct described in paragraphs thirteen and fourteen, Ms. Jones went to

Mr. Kegley's office and told him what she had seen and heard Mr. Cunningham, Ms. Witsman, and Ms. Chord doing earlier that day; in addition Mr. Kegley asked Mr. Forthenberry if he had seen and heard this conduct described in paragraphs thirteen and fourteen, and he responded in the affirmative.

**Answer:** First Student lacks sufficient information to admit or deny the allegations in the preceding ¶ 15, except that it admits that Jones told Kegley that Chord, Cunningham and Witsman made a gesture of a slash across the throat after Brooks' termination, which Kegley investigated.

16. Later on or about February 26, 2007, Mr. Kegley told Ms. Jones that he had spoken with Mr. Cunningham, Ms. Witsman, and Ms. Chord and that the matter was resolved.

**Answer:** First Student admits the allegations in the preceding ¶ 16, but denies that ¶ 16 is a complete statement of what Kegley told Jones.

17. Approximately forty minutes after Mr. Kegley had informed Ms. Jones that the matter was resolved, she was in the parking lot and observed Ms. Chord and Ms. Witsman each putting up one finger and then a hand stroked across each of their throats and laughed as Ms. Jones walked by them.

**Answer:** First Student lacks sufficient information to admit or deny the allegations in the preceding ¶ 17.

18. On or about February 27 and 28, 2007, Ms. Jones saw Ms. Chord repeat the symbolic sign with one finger held up and then a hand stroked across her throat.

**Answer:** First Student lacks sufficient information to admit or deny the allegations in the preceding ¶ 18.

19. On or about February 28, 2007, Ms. Davis and Mr. Forthenberry saw Mr. Cunningham repeat the symbolic sign to Ms. Chord.

**Answer:** First Student lacks sufficient information to admit or deny the allegations in the preceding ¶ 19.

20. Defendant is responsible for creating an environment which is racially hostile to African-Americans and it knew or recklessly ignored the fact that its actions were in violation of Plaintiffs' federally protected rights.

**Answer:** First Student denies the allegations in the preceding ¶ 20.

21. As a result of Defendant's unlawful discriminatory conduct, Plaintiffs have lost substantial earnings and other job-related benefits. Plaintiff has also suffered severe emotional distress.

**Answer:** First Student denies the allegations in the preceding ¶ 21.

### Count II – Title VII and §1981 – Race Discrimination
### [For Only Plaintiff, Ms. Brooks]

22. This is an action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§2000e et seq., as amended, and 42 U.S.C. § 1981, to redress and enjoin unlawful to redress and enjoin unlawful employment practices by Defendant.

**Answer:** First Student admits that the action is pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, denies that the action seeks to enjoin any practices, and denies that it engaged in any unlawful employment practices.

23. Plaintiff, Christina Brooks, repeats and realleges paragraphs 1-21.

**Answer:** First Student repeats its answers to ¶¶ 1-21.

24. Plaintiff, Christina Brooks, who is African-American, worked for Defendant as a bus driver from 1998 until 2001; and then again from October 2005 until she was terminated on or about February 26, 2006, by Mr. Kegley for allegedly violating a policy, which stated that a driver is not permitted to leave the bus while a student is on the bus.

**Answer:** First Student admits the allegations in the preceding ¶ 24.

6

25.  Ms. Shirley Wells, who is Caucasian, has been a bus driver for Defendant; in around February 2007, Mr. Kegley was aware that Ms. Wells had left the bus she was driving, while a child was on the bus, and Ms. Wells was not disciplined.

**Answer:** First Student denies the allegations in the preceding ¶ 25.

26.  Mr. David Rice, who is Caucasian, has been a bus driver for Defendant; in around April 2007, Mr. Kegley was aware that Mr. Rice had left the bus he was driving, while a child was sleeping on the bus, and Mr. Rice was not disciplined.

**Answer:** First Student denies the allegations in the preceding ¶ 26.

27.  Defendant is responsible for the racially discriminatory conduct of discharging Ms. Brooks while not disciplining two Caucasian drivers for the same alleged policy violation; and it knew or recklessly ignored the fact that its actions were in violation of her federally protected rights.

**Answer:** First Student denies the allegations in the preceding ¶ 27.

28.  As a result of Defendant's unlawful discriminatory conduct, Ms. Brooks has lost substantial earnings and other job-related benefits. She has also suffered severe emotional distress.

**Answer:** First Student denies the allegations in the preceding ¶ 28.

### Count III – Title VII and §1981 – Retaliation
### [For Only Plaintiff, Mr. Hoskins]

29.  This is an action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§2000e et seq., as amended, and 42 U.S.C. § 1981, to redress and enjoin unlawful to redress and enjoin unlawful employment practices by Defendant.

**Answer:** First Student admits that the action is pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, denies that the action seeks to enjoin any practices, and denies that it engaged in any unlawful employment practices.

30.  Plaintiff, Robert Hoskins, repeats and realleges paragraphs 1-28.

Case 1:07-cv-07139    Document 11    Filed 02/19/2008    Page 8 of 10

**Answer:** First Student repeats its answers to ¶¶ 1-28 of the Complaint.

31.  Mr. Hoskins was employed by Defendant as a school bus driver from August 1988 until he was terminated in April 2006.

**Answer:** First Student admits that it employed Hoskins as a school bus driver from August 1988 until April 2006, when the State of Illinois would not allow him to continue to drive a school bus because of his failure to meet State-mandated medical requirements.

32.  In around December 2005 Mr. Hoskins spoke with Ms. Bertha Christ, Defendant's safety coordinator, and complained about the two racially hostile emails, described in paragraph eight and nine of this Complaint, sent by Ms. Chord to more than ten people in November 2005.

**Answer:** First Student denies the allegations in the preceding ¶ 32.

33.  On three different occasions between January and March 2006, Mr. Kegley asked Mr. Hoskins whether he had taken the two emails to the assistant superintendent of schools, which was the information Mr. Kegley had received from Ms. Chord; from Mr. Hoskins observations of Mr. Kegley's behavior, he believed that Mr. Kegley thought he did take the emails to the assistant superintendent.

**Answer:** First Student denies the allegations in the preceding ¶ 33.

34.  On or about April 14, 2006, Mr. Hoskins was terminated.

**Answer:** First Student admits the allegations in the preceding ¶ 34 and states that the State of Illinois prohibited Hoskins from continuing to drive school buses because of his failure to meet State-mandated medical requirements.

35.  The discharge followed Mr. Hoskins engaging in a protected activity within such a period of time as to raise an inference of retaliatory motivation.

8

**Answer:** First Student denies the allegations in the preceding ¶ 35.

36. Defendant is responsible for the retaliatory conduct of terminating Mr. Hoskins for reporting the racially hostile emails to Ms. Christ; and it knew or recklessly ignored the fact that its actions were in violation of his federally protected rights.

**Answer:** First Student denies the allegations in the preceding ¶ 36.

37. As a result of Defendant's unlawful retaliatory conduct, Mr. Hoskins has lost substantial earnings and other job-related benefits. He has also suffered severe emotional distress.

**Answer:** First Student denies the allegations in the preceding ¶ 37.

## Affirmative Defenses

Defendant First Student, Inc. alleges the following affirmative defenses to plaintiffs' claims:

1. Plaintiffs Brooks and Hoskins have failed to take reasonable steps to mitigate their damages by finding other employment.

2. At all relevant times, First Student had a policy prohibiting discrimination and harassment and effective procedures for redressing and preventing further discrimination and harassment. Plaintiffs failed to make use of First Student's procedures, which therefore precludes liability and/or recovery of damages.

3. Plaintiffs failed to make use of the grievance procedures established by the Collective Bargaining Agreement between First Student and Teamsters Local 26, which therefore precludes liability and/or recovery of damages.

4. The portion of the plaintiffs' claims that exceed the scope of the charges that they timely filed with the EEOC are barred.

FIRST STUDENT, INC.


By: _s/ Arthur Sternberg_____
    One of Its Attorneys

Arthur Sternberg
Susan Lorenc
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235


4660083_4