IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA JONES, et al., | |
| Plaintiffs, | 07 C 7139 |
| v. | Judge Gottschall |
| FIRST STUDENT, INCORPORATED, | Magistrate Judge Valdez |
| Defendant. | |

## Agreed Motion for Entry of Agreed Protective Order

Pursuant to FED.R.CIV.P. 26(c), plaintiffs and defendant move for entry of the "Agreed Protective Order," a copy of which shall be submitted pursuant to this Court's standing order for submitting a proposed order and is also attached hereto, governing documents produced in discovery. The documents to be produced relate to trade secrets, non-public business information, and personnel documents of former and current employees of defendant. The terms of the protective order are therefore appropriate. Counsel for plaintiffs have consented to the filing of this Agreed Motion.

FIRST STUDENT, INC.

By:  s/ Susan Lorenc
     One of Its Attorneys

Arthur Sternberg
Susan Lorenc
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA JONES, et al., | |
| Plaintiffs, | 07 C 7139 |
| v. | Judge Gottschall |
| FIRST STUDENT, INCORPORATED, | Magistrate Judge Valdez |
| Defendant. | |

# Agreed Protective Order

Because discovery in this case (the "Litigation") may involve disclosure of documents, things, and information containing or constituting trade secrets, confidential, proprietary, or other competitively-sensitive information, which must be protected in order to preserve the legitimate business and privacy interests of the parties or other third parties, and the parties have, through counsel, agreed to and established good cause for the entry of this Protective Order, the following provisions are ordered pursuant to FED.R.CIV.P. 26(c):

1. **Materials Covered.** This Protective Order applies to all documents, information, electronically stored information, and materials, including transcripts of depositions and hearings, disclosed during the course of the Litigation by any party or non-party, including information disclosed in the course of discovery. Such documents, information, electronically stored information, and materials shall be referred to hereinafter as "Litigation Material."

2. **Definitions.** The following definitions apply throughout this Protective Order:

    A. "Confidential Information" means (i) trade secrets; (2) non-public financial, proprietary, or competitively-sensitive business information not previously made available to the public; and (3) personnel documents of former and current First Student employees which contain sensitive information, including but not limited to salaries, performance reviews and evaluations, social security numbers, home addresses, telephone numbers, disciplinary information, and medical records and information.

    B.    "Legend" means a stamp or similar insignia stating, "Confidential," "Confidential – Attorneys' Eyes Only" or other appropriate term or terms connoting the confidentiality of the document.

    C.    The "Litigation" means the above-captioned matter (or as the caption may be modified) through final judgment and any appeal.

    D.    "Objecting Party" means any party to the Litigation responding to, and objecting to, a designation of Litigation Materials as "Confidential" or "Confidential – Attorneys' Eyes Only."

    E.    "Producing Party" means any party or non-party to the Litigation producing Litigation Material in the Litigation. Producing Party also shall mean any party to the Litigation who designates Litigation Material produced by non-parties (including but not limited to agents of that party), as "Confidential" or "Confidential – Attorneys' Eyes Only."

    F.    "Receiving Party" means any party to the Litigation to whom Litigation Material is produced.

3.    **Limitations on Use of Litigation Materials Designated as "Confidential."**

Litigation Materials may be designated as "Confidential" if the Producing Party in good faith contends that such materials contain or constitute Confidential Information. Litigation Materials designated as "Confidential," including any summaries, charts or notes made from them and any facts or information contained or derived from them, shall be used only for purposes of this Litigation and for no other purpose and shall be disclosed only to the following persons:

    A.    The Court and Court personnel;

    B.    Parties, including a party's employees, officers, agents and directors whose review of the information is reasonably necessary to assist in the prosecution or defense or trial of the Litigation;

    C.    Counsel for the respective parties and their employees whose review of the information is reasonably necessary to assist in the prosecution or defense or trial of the Litigation;

    D.    Expert witnesses, consultants and advisors who are employed or retained by any party or counsel to the Litigation whose review of the information is reasonably necessary to assist in the prosecution or defense or trial of the Litigation;

  E. Outside vendors who perform litigation support, imaging, photocopying, computer classification or similar functions but only for so long as necessary to perform their services;

  F. Witnesses or deponents (and their counsel), may review their own records and any Confidential Information that they prepared or which was distributed to them in the normal course of Defendant's business for the purpose of providing testimony in or for the Litigation; and

  G. Stenographic reporters who are involved in depositions, the trial or any hearings or proceedings before the Court in the Litigation.

4. **Limitations on Use of Litigation Material designated as "Confidential – Attorneys' Eyes Only."** Litigation Material may be designated as "Confidential – Attorneys' Eyes Only" only if the Producing Party has a good faith belief that the Litigation Material contains or constitutes Confidential Information and disclosure of such Litigation Material to a party would place the Producing Party at a competitive or other disadvantage or invade the privacy of any current or former First Student employees. Litigation Materials designated as "Confidential – Attorneys' Eyes Only" shall be used only for purposes of this Litigation and for no other purpose. No Litigation Materials designated as "Confidential – Attorneys' Eyes Only," nor any summaries, charts or notes made from and all facts or information contained in or derived from them, shall be disclosed to the Receiving Party.

5. **Duty to Advise of Protective Order.** Counsel in the Litigation shall assure that all persons to whom Confidential Information is disclosed are advised of the terms and operation of this Protective Order and/or provided a copy of this Protective Order. Before receiving Confidential Information, all expert witnesses, consultants, advisors, outside vendors, and stenographic reporters must be provided with a copy of this Protective Order and to agree to be bound by it by executing the attached Exhibit A. A copy of the signed Exhibit A shall be maintained by Counsel for the party who initiated the request and provided to opposing counsel upon termination of the Litigation or upon other agreement of counsel.

6. **Designating Confidential Information.** A Producing Party may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" any Litigation Material containing Confidential Information pursuant to this Protective Order and which the Producing Party believes in good faith warrants such designation by affixing the Legend to any document which the Producing Party believes contains Confidential Information or by taking such other reasonable steps to identify said documents as Confidential Information within 30 days of producing the Confidential Information or within 30 days after the entry of this Order. All documents shall be treated as Confidential pursuant during that 30-day period.

7. **Designating Certain Electronically Stored Information.** The parties contemplate that they may produce to one another certain electronically stored information in native file format that will not be conducive to affixing of a Legend. The parties shall cooperate as necessary to establish specific procedures as they arise to protect the confidentiality of the Litigation material that may be produced in this manner. As an example, the designating Producing Party should identify the path and name of the native file and describe the portion of the file or particular type or nature of the data in the file that is designated. The failure to affix a Legend to the native file, however, shall not prevent a party from asserting that such materials contain Confidential Information or that it may be subject to a claim of privilege or of protection as trial-preparation materials.

8. **Designating Transcripts of Depositions and Hearings.** The portions of depositions or hearing transcript (including exhibits) containing Confidential Information shall be designated either by a statement to that effect on the record during the deposition or hearing or by written notice to counsel of record for the other party within 14 days after receiving the transcript by designating counsel. All deposition testimony (including notes thereof) shall be

treated as "Confidential" until the 14-day period for designation has passed. If a deposition or hearing transcript contains Confidential Information, the particular pages of the transcript (including exhibits) containing such Confidential Information shall be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" and treated accordingly pursuant to the terms of this Protective Order.

    9.    **Objecting to Designation.** If a Responding Party objects to the designation of any Litigation Material as "Confidential" or "Confidential – Attorneys' Eyes Only," the Responding Party shall send written notice of such objection to the Producing Party. The parties must in good faith attempt to resolve the matter informally. If a challenge cannot be resolved informally, any party may apply for appropriate relief from the Court. All disputed transcripts, documents, or discovery materials shall remain Confidential unless and until the Court rules otherwise. The party opposing the objection shall have the burden under FED.R.CIV.P. 26(c)(7) to show that the information should not be revealed.

    10.    **Inadvertent Failure to Designate.** The inadvertent failure by a Producing Party to designate specific documents or materials as containing Confidential Information shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon notice to the Receiving Party of such failure to designate, the Receiving Party shall cooperate as is reasonable to restore the confidentiality of the inadvertently disclosed information.

    11.    **Inadvertent Production of Privileged Documents and Information.** Nothing in this Protective Order shall be deemed a waiver of any right that any party otherwise might have under the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the doctrines of attorney-client or work product privilege. The inadvertent production of a document or

information protected by the attorney-client or work-product privilege shall *not* waive either privilege.  If Litigation Material is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation materials, the party making the claim may notify any party that received the information of the claim and the bases for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has or has distributed to others and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the Litigation Material to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The producing party must preserve the Litigation Material until the claim is resolved.

12. **Third Parties.**  The terms of this Protective Order shall be applicable to any third party who produces Litigation Material that the third party designates as "Confidential" or "Confidential –Attorneys' Eyes Only."  If a third party produces information, pursuant to subpoena, other legal process, or otherwise, that a party in good faith believes to be its Confidential Information, that party may designate the documents or other tangible things produced by such third party as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Protective Order.

13. **No Prejudice or Enlargement of Rights.**  This Protective Order shall neither prejudice nor enlarge the right of any party to present a motion to the Court for a separate order as to any particular document or information, including restrictions differing from or greater than those specified herein.  This Protective Order shall neither prejudice nor enlarge the rights of any party in any way in any future application for modification, amendment or vacation of this Protective Order.  Nothing in this Protective Order shall prevent any party from objecting to

discovery which it believes to be otherwise improper. The Court may separately address the issue of handling documents and information under this Protective Order at trial.

14. **Subpoena by Third Party.** Nothing contained in this Protective Order shall prohibit any person or party from disclosing any Litigation Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" (a) to any governmental authority or agency pursuant to the valid exercise by any governmental authority or agency of the powers and authorities granted to it by law or (b) to any person or entity pursuant to the valid and legal use of compulsory process, including the exercise of subpoena powers, provided that the Producing Party is given notice that said Confidential Information will be produced in sufficient time to permit the Producing Party to challenge the production of said information in the appropriate legal forum. However, no person or party which has been required or compelled to produce such Confidential Information pursuant to the valid exercise by any governmental authority or agency of the powers and authorities granted to it by law, or pursuant to the valid and legal use of compulsory process, including the exercise of subpoena powers, shall be required to refuse to produce said Confidential Information if, in so doing, such person or party would subject itself to penalties or punishment, including those for contempt.

15. **Amendments.** This Protective Order may be amended as need may arise by written agreement of the parties without prior leave of the Court.

16. **Continuation of Protection after Disposition.** The termination of the Litigation shall not relieve the parties or non-parties from the obligation of maintaining the confidentiality of all Confidential Documents and Confidential Information produced and designated pursuant to this Protective Order, unless the Court orders or permits otherwise. After the final disposition of the Litigation, the attorneys for the parties upon written request from the Producing Party shall

either: (a) return promptly to the Producing Party, all Litigation Material designated "Confidential" or "Confidential – Attorneys' Eyes Only" that was produced by that party, and all copies made thereof; or (b) destroy all such Litigation Materials designated "Confidential" or "Confidential – Attorneys' Eyes Only" and all copies made thereof, and provide the Producing Party with a sworn certification of the steps taken to that effect.  This section shall not be construed to require the return or destruction of any documents or exhibits filed with the Court, deposition transcripts and exhibits, or notes or other work product created for or by any party, provided however, any Confidential Documents or Confidential Information, or portions or excerpts thereof, which are not destroyed or returned pursuant to this section, shall remain subject to the terms of this Protective Order.

17.  **Information Independently Obtained.**  The restrictions of this Protective Order shall not apply to any information which in the future is made known to the Receiving Party on a non-confidential basis by the Producing Party, or which is made known in the future by lawful means to the Receiving Party by any source other than the Producing Party.  Further, the restrictions shall not apply to any information which the Receiving Party shall establish was already known to it by lawful means at the time of disclosure, has been or becomes a matter of public knowledge through no act of the Receiving Party, or has been publicly available subsequent to disclosure through no act of the Receiving party.  However, this Protective Order shall apply to Confidential Information learned or known by a plaintiff by lawful means during his or her employment with defendant unless plaintiff establishes that such Confidential Information has been or becomes a matter of public knowledge through no act of plaintiff, or has since been publicly available.

June __, 2008

_____
Joan B. Gottschall
United States District Court Judge

       The foregoing Agreed Protective Order is agreed to and accepted as to both form and substance.

| | |
|---|---|
| LISA JONES, TERRY BEASLEY, SR., CHRISTINA BROOKS, MICHAEL D. BRYANT, DOMINIQUE DAVIS, STEVEN FORTHENBERRY, ROBERT M. HOSKINS, and DORA RED | FIRST STUDENT, INC. |
| By: s/Mitchell Kline<br>    Their Attorney | By: s/Susan Lorenc<br>    One of Its Attorneys |
| Mitchell A. Kline<br>203 N. LaSalle, Suite 2100<br>Chicago, IL 60601<br>(312) 558-1454 | Arthur Sternberg<br>Susan Lorenc<br>FAGELHABER LLC<br>55 E. Monroe Street, 40th Floor<br>Chicago, Illinois 60603<br>(312) 580-2235 |

**Exhibit A**

<strong>Secrecy Agreement</strong>

I, _____, state that I have read and understood the terms of the Protective Order entered on June __, 2008 in *Lisa Jones, et al. v. First Student, Inc.*, United States District Court Northern District of Illinois, Eastern Division, Case No. 07 C 7139, and agree to comply with and be bound by the terms and conditions of the Order unless and until modified by further Order of this Court.

I understand that I am to retain all copies of any documents or materials designated as "Confidential Information" or "Confidential – Attorneys' Eyes Only" in a secure manner, and that all copies are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon the copies and any writing prepared by me containing any Confidential Information are to be returned to counsel who provided me with such material or destroyed by shredding.

I will not disclose or divulge Confidential Information to persons other than those specifically authorized by the Protective Order, and I will not copy or use Confidential Information except solely for the purposes of this litigation. I also agree to notify any personnel who are required to assist me of the terms of the Protective Order

I hereby submit to the jurisdiction of the United States District Court Northern District of Illinois, Eastern Division for the purpose of enforcement of the Protective Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____, 200_.


_____
[Signature]


_____
[Printed Name of Individual]