United States District Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| LISA JONES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST STUDENT, INCORPORATED,<br><br>    Defendant. | 07 C 7139<br><br>Judge Gottschall<br><br>Magistrate Judge Valdez |

# Defendant's Response to Motion to Extend Fact Discovery

Defendant First Student, Inc. objects to plaintiffs' motion to extend the deadline for completing fact discovery by 60 days:

## I. No Showing of Good Cause

Plaintiffs' Motion to Extend fails to address the good cause requirement under FED.R.CIV.P. 6(b)(1) and 16(b)(4). It offers no reason for plaintiffs' failure to complete lay discovery within six months.[1]

No good cause exists. During the six months, plaintiffs deposed just three witnesses, all on August 8th. (Affidavit of Arthur Sternberg.) First Student's June 16th Answers to Interrogatories indicated that the fourth witness, Terry Kegley, was no longer employed by First Student and provided his Texas home address. (*Id.*) Additionally, the six plaintiffs who work at First Student's Danville facility have known since at least February 2008 that Kegley was no longer the facility's manager and likely knew that he had resigned to move to Texas. (*Id.*) Plaintiffs still had one-third of the discovery period left (two months) to subpoena and depose

---

[1] The six-month period was at plaintiffs' request and was set by the court on February 20, 2008. (Affidavit of Arthur Sternberg; Docket Entry 12.)

him.[2] (*Id.*) Their motion, however, does not even claim any attempt to timely serve Kegley.

The plaintiffs were dilatory throughout the six months. First Student proposed starting depositions on April 7, 2008. (*Id.*) The plaintiffs, however, did not begin to comply with written discovery until May 9th and did not finish complying until June 20th—*81* days late. (*Id.*) They initiated no written discovery for over two months, to which First Student timely responded. (*Id.*) Plaintiffs then waited until July 20th, less than a month before the completion of lay discovery, to first issue deposition notices, which set the depositions they wanted for August 8th. (*Id.*)

The plaintiffs also offer no explanation of why they were unable to timely serve their additional document request or why they need 60 days to complete lay discovery when their motion only indicates that they seek to depose Kegley and obtain more documents from First Student. Because the plaintiffs' Motion fails to even address the good cause required for extending lay discovery, it should be denied.

FIRST STUDENT, INC.

By: s/Arthur Sternberg
    One of Its Attorney

Arthur Sternberg
Susan Lorenc
THOMPSON COBURN LLP doing business Thompson Coburn Fagel Haber
55 E. Monroe Street, 40th Floor
Chicago, Illinois 60603
(312) 580-2235

---

[2] On July 24, 2008, First Student's counsel repeated in an email to plaintiffs' counsel that Kegley was not employed by First Student and again listed his home address for plaintiffs to subpoena him. Plaintiffs then had 25 days to serve him with a subpoena.

United States District Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| LISA JONES, et al., | |
| Plaintiffs, | 07 C 7139 |
| v. | Judge Gottschall |
| FIRST STUDENT, INCORPORATED, | Magistrate Judge Valdez |
| Defendant. | |

## Affidavit of Arthur Sternberg

I, Arthur Sternberg, state under penalties of perjury as provided by law that the following facts are true:

1. I am lead counsel for defendant First Student in this case.

2. Pursuant to FED.R.CIV.P. 26(f), the plaintiffs' counsel, Mitchell Kline, proposed to me that lay discovery last for six months, to which I agreed. That six-month period was entered by the court's February 20, 2008 scheduling order.

3. On February 27th, we served on Kline First Student's interrogatories and requests to produce." Plaintiffs' responses to the discovery requests were due by March 31st. Between April 2nd and May 9th I emailed Kline at least nine times and tried to call him approximately six times to obtain discovery compliance. Literally minutes before I filed a motion to compel, Kline emailed me the start of plaintiffs' interrogatory answers, responses to the document requests, and requested documents. We did not receive all of the answers, responses, and documents until June 20th, despite continued emails and voice mails to Kline. (Kline never answered or returned any of my calls.)

4. Based on the assumption that plaintiffs would timely comply with written discovery, I had proposed to Kline to begin depositions during the week of April 7th. On June

3

16th, Kline finally provided me proposed dates for deposing the plaintiffs, which began on July 21st and continued to August 11th.

    5.    On April 29th, Kline served us with interrogatories and a document request. That was over two months after we had served our written discovery requests. We served First Student's response to the document request, along with partial objections to the interrogatories on May 29th. We provided First Student's substantive interrogatory answers on June 16th. We sent First Student's responsive documents to Kline as PDF's and asked that he tell us if he had any problem with opening them. He did not tell us until July 24th that he was unable to open the PDF files, which he was subsequently able to do.

    6.    First Student's June 16th answer to plaintiffs' first interrogatory disclosed that Terry Kegley was no longer employed by First Student and provided his home address in Texas.[3] I reiterated that information in a July 25th email to Kline. Further, the six plaintiffs who are current employees at First Student's Danville facility have known since at least February 2008 that Kegley was no longer the facility's manager. They likely also knew that Kegley had resigned to move to Texas.

    7.    On July 20th, Kline served us for the first time with deposition notices, which set the depositions he wanted to take for August 8th.

s/ Arthur Sternberg

---

[3] The answer to the interrogatory, which asked to identify all persons consulted in answering the interrogatories, stated: "Answer: Bertha Crist, Contract Manager, First Student, Inc., 927 Cleveland, Danville, Illinois 61832; Ron Howard, Regional Vice President, First Student, Inc., 927 Cleveland, Danville, Illinois 61832; Terry Kegley, 1929 Highland Oaks Drive, Wylie, Texas 75098." .