United States District Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| LISA JONES, et al., | |
| Plaintiffs, | 07 C 7139 |
| v. | Judge Gottschall |
| FIRST STUDENT, INCORPORATED, | Magistrate Judge Valdez |
| Defendant. | |

# Defendant's Response to Motion for Leave To File Amended Complaint

Defendant First Student, Inc. objects to plaintiffs' motion for leave to file an amended complaint to add a count for retaliation:

## I. Plaintiffs' Delay Is Extreme and Unduly Prejudicial

### A. Plaintiffs Knew of First Retaliation Claim Before Filing Original Complaint and Second Claim Just After

Plaintiffs' motion fails to genuinely explain why they waited until after the close of lay discovery to assert their retaliation claims. The proposed amended complaint disproves their assertion in ¶ 5 of the motion that "*several* of the key facts did not occur until after the original complaint had been filed," which would not justify their delay even if it were true. Plaintiffs filed the original complaint over eight months ago (December 19, 2007). The first alleged act of retaliation to Jones and Forthenberry began in *July 2007* (Proposed Amended Complaint, ¶ 41), four months before the complaint was filed. The other alleged retaliation was Jones not being selected as safety coordinator in January 2008. (*Id.*, ¶ 42.) Jones offers no reason for waiting seven months before seeking to amend the complaint to add that claim. Further, Forthenberry's failure to include his retaliation claim in the original complaint cannot be excused by the claimed subsequent retaliatory acts against Jones.

The retaliation claimed to have occurred more recently was an alleged reprimand for Jones' disputed attendance violation in April 2008, which was four months before the close of lay discovery. (*Id.*, ¶ 42.) The proposed amended complaint does not allege any facts to indicate that the reprimand injured Jones and therefore fails to state a claim. *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 67 (2006) ("The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm."); *Metzger v. Ill. State Police*, 519 F.3d 677, 683 (7th Cir. 2008) ("A 'materially adverse action' in the context of Title VII's anti-retaliation provision means any conduct that might dissuade a reasonable employee from lodging a discrimination charge."). The more recent retaliation also does not excuse Jones' delay to earlier assert her other two retaliation claims.

### B. Undue Prejudice Is Both Presumed and Demonstrated

Both plaintiffs knew of the first claimed acts of retaliation before filing the original complaint. Neither offers any excuse for failing to include the first retaliation claim in the original complaint. Forthenberry claims no acts of retaliation since filing the complaint, while Jones claims a second act of retaliation about a month after the filing. She offers no genuine explanation of why she did not promptly seek then to amend the complaint. Because the plaintiffs' delay is long and unexplained, undue prejudice is presumed. *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994) ("the longer the delay, the greater the presumption against granting leave to amend ... [and] when extreme, delay itself may be considered prejudicial."); *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (undue delay and prejudice would result if party permitted to amend pleadings long after it learned of the underlying facts relating to the amendment).

Paragraph four of the motion asserts that plaintiffs were asked in their depositions about the alleged facts in the amended complaint, but the motion fails to indicate that First Student was

2

somehow prescient that Jones and Forthenberry would seek to bring these specific retaliation claims and therefore covered them thoroughly. Jones testified that she reviewed the original complaint, which alleged no retaliation, to make sure that it did not omit any of her claims against First Student. (Jones Dep. at 56, lines 3-19 (a genuine copy of which is attached.) First Student thus had no reason to anticipate the claims raised in the proposed amended complaint.

Plaintiffs have not shown that further discovery would be unnecessary either for First Student or for them and that the proposed amended complaint would not delay this case. The motion to amend should therefore be denied as untimely and unduly prejudicial. *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (leave to amend complaint long after original complaint filed denied where plaintiff merely claimed that "the pleading sought to be added states a claim").

FIRST STUDENT, INC.

s/ Arthur Sternberg
One of its attorneys

Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA JONES, et al.,              )
                                 )
Plaintiffs;                      )
                                 )
-vs-                             ) CAUSE NO.
                                 ) 07 C 7139
FIRST STUDENT, INCORPORATED,     )
                                 )
Defendant.                       )

        The discovery deposition of LISA JONES, reported by JENNIFER DUNN, RMR, CRR, and Notary Public, pursuant to the Federal Rules of Civil Procedure of the United States District Courts, pertaining to the taking of depositions for the purpose of discovery, at 55 East Monroe Street, 40th Floor, in the City of Chicago, Cook County, Illinois, commencing at 9:16 a.m., on July 21, 2008.

56

1  copies there.
2    A.   Okay.
3    Q.   Do you recognize Exhibit 23 to be the complaint
4  that was filed on behalf of yourself and the seven other
5  plaintiffs in this case?
6    A.   Yes.
7    Q.   Now, does the complaint include all of the
8  claims for which you are currently suing First Student?
9    A.   Yes.
10   Q.   Did you review the complaint before it was
11 filed?
12   A.   Yes.
13   Q.   And did you inform your counsel if there were
14 any inaccuracies or additional matters to be addressed in
15 the complaint?
16   A.   Yes.
17   Q.   And you satisfied yourself that the complaint
18 was accurate, correct?
19   A.   Yes.
20   Q.   All right.  I want to direct your attention to
21 paragraph 10.  Paragraph 10 alleges that "In June 2006,
22 Kathleen Faber, i.e., Caucasian bus driver sent an email,"
23 and then it refers to the email.  And paragraph 11 alleges
24 that Ms. Faber sent an almost identical one in May of 2007,

Jones, Lisa, 7/21/08